**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

NICHOLAS JOHNSON,

Plaintiff,

v.

GERDAU MACSTEEL, INC.,

Defendant.
_____

Case No. 23-CV-10719
Hon.

Matthew J. Clark (P76690)
Gregory, Moore, Brooks & Clark, P.C.
28 W. Adams Ave., Suite 300
Detroit, MI 48226
(313) 964-5600
matt@unionlaw.net
*Attorneys for Plaintiffs*
*Additional Attorneys for Plaintiff listed on signature page
_____

## CLASS ACTION COMPLAINT

Plaintiff Nicholas Johnson ("Plaintiff"), on behalf of himself and all others similarly situated, by and through his attorneys, brings this Class Action Complaint against Defendant Gerdau Macsteel, Inc. ("Defendant"). Plaintiff complains and alleges as follows:

### INTRODUCTION

1. Plaintiff brings this action to challenge Defendant's policy and practice of discriminating against non-union birth fathers in the provision of paid parental leave.

2. During his employment with Defendant, Plaintiff and his wife had a child. After the birth of his child, Plaintiff requested parental leave from Defendant, and was authorized to take and took unpaid parental leave. Pursuant to Defendant's paid parental leave policy, Defendant limited its entitlement to six-weeks of paid parental leave "for such things as baby bonding and/or dealing with baby medical matters" to "the employee who gave birth." Accordingly, Plaintiff was ineligible to take paid parental leave on the basis of his sex.

3. Plaintiff initiates this action to challenge Defendant's policy that discriminated against non-union male employees by affording birth fathers no paid parental leave, while affording non-union birth mothers six weeks of paid parental leave.

4. By depriving birth fathers of paid parental leave benefits that are equal to what Defendant afforded to birth mothers, Defendant's policy and practice constituted sex discrimination in the terms and conditions of employment. This policy and practice constituted a sex-based classification and a sex-based stereotype that violates Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. § 2000e-2, *et seq.*) ("Title VII"); the Federal Equal Pay Act (29 U.S.C. § 206(d)) ("EPA"); and Michigan's Elliot-Larsen Civil Rights Act (MCL 37.2202(1)) ("ELCRA") and Workforce Opportunity Wage Act (MCL 408.423(1)) ("WOWA"). Defendant's policy replicated gender stereotypes about the caregiving roles of mothers and fathers and prevented Plaintiff and other birth

fathers from taking paid parental leave that was presumptively afforded to birth mothers.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter pursuant to 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1331, because Plaintiff is asserting federal claims under Title VII of the Civil Rights Act and the EPA. This Court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367.

6. This Court has personal jurisdiction over Defendant, as the alleged unlawful employment practice was allegedly committed in this District, and employment records relevant to such employment practice are maintained and administered in this District.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and 42 U.S.C. § 2000e-5(f)(3) because Defendant operates and does business here, maintains business records in Michigan, and the alleged unlawful employment practices were committed in this District.

## THE PARTIES

8. Named Plaintiff Nicholas Johnson is and was at all relevant times a resident of Michigan and a non-union employee of Defendant. He files this action on behalf of himself and others similarly situated.

9. Defendant is and was at all relevant times a steel production company incorporated under the laws of the state of Delaware. Defendant is authorized to do

business in Michigan pursuant to the state laws of Michigan, and does conduct business operations in Michigan, including in Monroe, Michigan.

10. At all times relevant to this Complaint, Defendant was an employer within the meaning of Title VII and the EPA, and Michigan's Elliot-Larsen Civil Rights Act, MCL § 37.2101 *et seq*.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff filed a timely Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") on August 30, 2022.

12. All administrative prerequisites necessary to initiate this action have been satisfied.

## FACTUAL ALLEGATIONS

13. Plaintiff began working for Defendant at its Monroe, Michigan steel mill in 2021 as a non-union R&D Technical Specialist. Plaintiff worked for Gerdau at its Monroe, Michigan steel mill until August 1, 2022.

14. Plaintiff's wife gave birth to their child on November 6, 2021. Upon the birth of Plaintiff's child, Defendant provided Plaintiff with 30 days of unpaid paternity leave after Plaintiff requested parental leave. Plaintiff subsequently took 30 days of unpaid paternity leave.

15. At the time of Plaintiff's child's birth, Defendant's parental leave policy—which only applied to non-union positions—provided a much more generous 12-14

weeks of paid maternity leave for "the employee who gave birth," including six weeks of fully paid maternity leave "for such things as baby bonding and/or dealing with baby medical matters." From Plaintiff's conversations with Defendant regarding its parental leave policy, he understood that if he was a birth mother, he would be presumptively eligible to receive 6-weeks of paid parental leave "for such things as baby bonding and/or dealing with baby medical matters," but that as a birth father, he was excluded from receiving any paid parental leave.

16. On August 30, 2022, Plaintiff timely filed a Charge of Discrimination with the EEOC challenging Defendant's policy and practice of denying males 6-weeks of parental leave "for such things as baby bonding and/or dealing with baby medical matters" and alleging class-wide discrimination on the basis of sex and sex stereotypes on behalf of himself and a class of other similarly situated male employees.

17. Upon information and belief, Defendant's policy and practice of allowing non-union birth mothers—but not non-union birth fathers—6-weeks of fully-paid baby bonding parental leave prevented, discouraged, and deterred Plaintiff and other non-union birth fathers employed by Defendant from seeking and/or being allowed to receive 6-weeks of fully-paid baby bonding parental leave for which they would otherwise have been eligible had they been birth mothers.

18. Upon information and belief, many non-union birth fathers were prevented, discouraged, and deterred from applying for 6-weeks of fully-paid baby bonding

parental leave or were outright denied the opportunity to apply for the same under Defendant's parental leave policy and Defendant's pattern or practice in implementing its parental leave policy.

19.     Defendant has discriminated against Plaintiff and other non-union birth fathers employed by Defendant pursuant to a company-wide policy, pattern, or practice that discriminates against males (i.e., birth fathers) and that causes them to receive employee benefits that are inferior to those provided to females (i.e., birth mothers).

20.     As of January 1, 2023, Defendant changed its parental leave policy to make it gender neutral by removing gender as a condition of being allowed to take paid baby bonding parental leave for following the birth of a child.

## CLASS ALLEGATIONS

21.     Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of a class of non-union, male employees of Defendant nationwide who were denied paid parental leave or deterred from seeking paid parental leave following the birth of a child under Defendant's paid parental leave policy. Plaintiff brings this action as a class action for injunctive and declaratory relief pursuant to Rules 23(a) and (b)(2) of the Federal Rules of Civil Procedure on behalf of the following Class:

> All males who had a baby through natural birth (i.e., not adoption or placement through foster care) at any time from August 30, 2019

through December 31, 2022 (the "Class Period") while they were employed by Defendant in a non-union position (the "Class" or "Class Members").

Plaintiff reserves the right to amend this definition if necessary.

22. Plaintiff seeks class certification for purposes of prosecution of all state and federal claims alleged herein. The limitations period for each federal or state claim is the full statute of limitation period for each such claim.

23. Plaintiff is a member of the Class he seeks to represent.

24. This action is properly maintained as a class action. The Class satisfies all the requirements of Rule 23 for maintaining a class action.

25. **Ascertainability.** The members of the Class are ascertainable. Defendant's business records memorialize their names, sex, job titles, union and/or non-union membership, paid and unpaid leave records, company-sponsored insurance records, and other relevant records. Moreover, the Class definition enables every putative Class Member to identify himself as a member of the Class.

26. **Numerosity.** The Class is so numerous that joinder of all members is impracticable and the disposition of their claims will provide substantial benefits to the parties and the Court. Defendant employs hundreds of individuals in many states across the United States. Upon information and belief, Defendant employs approximately 500 current employees in non-union positions, the vast majority of

whom are males. Upon information and belief, dozens of males employed by Defendant in non-union positions between August 30, 2019 and December 31, 2022 had a baby through natural birth, and all of these individuals were disqualified or deterred from seeking or taking paid baby bonding parental leave under Defendant's policy and practice.

27. **Commonality.** There are questions of law or fact that are common to the Class. Upon information and belief, proposed Class Members were subjected to and injured by the same policy and practice under which non-union birth fathers were denied access to paid parental leave equal to that afforded to non-union birth mothers. Plaintiff and the Class Members experienced the same type of harm due to Defendant's policy and practice, because Defendant presumptively allowed them no paid baby bonding parental leave while presumptively affording non-union birth mothers six weeks of paid baby bonding parental leave. Therefore, Defendant's uniform policy and practice discriminates against all Class Members.

28. The questions of law or fact that are common to the Class Members include:

   a) Whether Defendant's paid baby bonding parental leave policy and practice discriminates against Class Members in violation of Title VII, the EPA, and Michigan's ELCRA and WOWA by denying birth fathers eligibility for paid baby bonding parental leave while allowing birth mothers paid baby bonding parental leave;

b) Whether Defendant continued its paid baby bonding parental leave policy and/or other terms and conditions of employment systems that it knew or should have known discriminated against Class Members;

c) Whether and what types of injunctive and/or declaratory relief should be ordered with respect to Defendant's paid baby bonding parental leave policy and practice;

d) Whether and what types and amounts of damages should be awarded to Plaintiff and members of the proposed Class.

29. **Typicality.** The claims of Plaintiff are typical of the claims of the Class he seeks to represent. The claims of Plaintiff arise from the same policy and practice and rely upon the same legal theories and factual allegations that the challenged policy and practice violates Title VII, the EPA, ELCRA, WOWA, and/or the equivalent state antidiscrimination statutes of other states in which Defendant does business.

30. **Adequacy.** Plaintiff will adequately represent the members of the Class, does not have any conflicts with the other Class Members, and is represented by experienced counsel who have substantial experience in civil rights and employment discrimination and class action litigation, and who will vigorously prosecute the action on behalf of the Class. Plaintiff understands his obligations as a class representative, has already undertaken steps to fulfill them, and is prepared to continue to fill his duties as a class representative in this action.

31. Class certification is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(2) because Defendant has acted and/or refused to act on grounds generally applicable to the Class, making appropriate declaratory and/or injunctive relief with respect to Plaintiff and the Class as a whole.

## COUNT I

**Violation of Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e *et seq.***

32. Plaintiff hereby re-alleges and incorporates by reference, as if fully set forth herein, each and every allegation of this Complaint.

33. Title VII makes it "an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex." 42 U.S.C. § 2000e-2(a)(1). This provision prohibits intentional discrimination based on sex, including sex-based classifications and sex-based stereotypes, in the provision of employee benefits such as paid parental leave.

34. Defendant's paid baby bonding parental leave policy and practice allowed non-union birth mothers—i.e., "the employee who gave birth"—six-weeks of paid parental leave "for such things as baby bonding and/or dealing with baby medical matters," while not allowing paid baby bonding parental leave for non-union birth fathers. Defendant's policy and practice therefore imposed a sex-based classification

that treated birth fathers in a manner that, but for their sex, would be different had they been birth mothers.

35. Defendant's paid baby bonding parental leave policy and practice also relied upon and enforced a sex-based stereotype that women are or should be caretakers of children, and that women do or should remain at home to care for a child following the child's birth, while men are not or should not be caretakers and instead men do or should return to work after the birth of a child.

36. By instituting and operating this discriminatory policy and practice, Defendant has intentionally treated male and female employees differently with respect to the compensation, terms, conditions, and privileges of employment, in violation of Title VII.

37. As a result of Defendant's unlawful sex discrimination, Plaintiff and members of the proposed Class have suffered significant harm, including the loss of paid baby bonding parental leave time off and other nonpecuniary losses.

## COUNT II

### Violation of the Equal Pay Act, 29 U.S.C. § 206(d) and 215(a)

38. Plaintiff hereby re-alleges and incorporates by reference, as if fully set forth herein, each and every allegation of this Complaint.

39. The EPA provides in part that, "No employer . . . shall discriminate . . . between employees on the basis of sex by paying wages to employees in such

establishment at a rate less than the rate at which he pays wages to employees of the opposite sex in such establishment for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions. . . ." 29 U.S.C. § 206(d)(1). See also 29 U.S.C. § 215(a)(2).

40. Defendant has engaged in nationwide violations of the EPA, harming the Class Members, by adopting and administering its paid baby bonding parental leave policy and practice which discriminates on the basis of sex by allowing non-union birth mothers six-weeks of paid baby bonding parental leave, while not allowing paid baby bonding parental leave for non-union birth fathers, for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions.

41. The unlawful discrimination contained in Count II has and is continuing to result in Defendant's unlawful withholding of wages due to Plaintiff and the Class Members.

42. The unlawful discrimination contained in Count II was and is willful.

## COUNT III

### Violation of Michigan State Laws

43. Plaintiff hereby re-alleges and incorporates by reference, as if fully set forth herein, each and every allegation of this Complaint.

44. Michigan's ELCRA prohibits an employer from "discriminat[ing] against an individual with respect to employment, compensation, or a term, condition, or privilege of employment, because of . . . sex. . . ." MCL § 37.2202(1)(a). ELCRA further prohibits an employer from discriminating against "a person on the basis of sex with respect to a term, condition, or privilege of employment, including, but not limited to, a benefit plan or system." MCL § 37.2202(1)(c).

45. Michigan's WOWA prohibits an employer from "discriminat[ing] between employees within an establishment on the basis of sex by paying wages to employees in the establishment at a rate less than the rate at which the employer pays wages to employees of the opposite sex for equal work on jobs, the performance of which requires equal skill, effort, and responsibility and that is performed under similar working conditions. . . ." MCL § 408.423(1).

46. Like Title VII and the EPA, Michigan prohibits discrimination against employees on the basis of sex with respect to compensation, terms, conditions, or privileges of employment. Michigan's ELCRA and WOWA provide a greater amount of time for employees to file a charge or a legal action than Title VII does, including in the context of the claims in this action.

47. Defendant's paid baby bonding parental leave policy and practice imposed a sex-based classification that treated birth fathers in a manner that, but for their sex, would be different had they been birth mothers.

48. Defendant's paid baby bonding parental leave policy and practice also relied upon and enforced a sex-based stereotype that women are or should be caretakers of children, and that women do or should remain at home to care for a child following the child's birth, while men are not or should not be caretakers and instead men do or should return to work after the birth of a child.

49. By instituting and operating this discriminatory policy and practice, Defendant has intentionally treated male and female employees differently with respect to their employment, compensation, or a term, condition, or privilege of employment in violation of ELCRA, and Defendant has further willfully engaged in nationwide violations of WOWA, harming the Class Members, by adopting and administering its paid baby bonding parental leave policy and practice which discriminates on the basis of sex by allowing non-union birth mothers six-weeks of paid baby bonding parental leave, while not allowing paid baby bonding parental leave for non-union birth fathers, for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and that are performed under similar working conditions.

50. As a result of Defendant's unlawful sex discrimination, Plaintiff and members of the proposed Class have suffered significant harm, including the loss of the paid baby bonding parental leave time off and other nonpecuniary losses.

**PRAYER FOR RELIEF**

For the foregoing reasons, Plaintiff, on behalf of himself and all others similarly situated, respectfully requests that the Court grant the following relief:

a. Certifying this action as a class action pursuant to Rule 23(b)(2) and/or (b)(3) with respect to Plaintiff's Causes of Action;

b. Designating Plaintiff as the class representative and/or EPA collective action representative, and undersigned counsel as class counsel and/or EPA collective action counsel;

c. Declaratory relief, including but not limited to a declaration that Defendant's paid baby bonding parental leave policy violated Title VII, the EPA, ELCRA, and WOWA;

d. Granting permanent injunctive relief enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in sex discrimination against the Class Members through the adoption and/or administration of any paid baby bonding parental leave policy which discriminates against males in the provision of paid baby bonding parental leave benefits;

e. Granting injunctive relief, including but not limited to an order that Defendant preserve a gender-neutral paid baby bonding parental leave policy without reducing such benefits as to any employee, and that

       Defendant notify the Class Members of its newly implemented and gender-neutral paid baby bonding parental leave policy;

f. Monetary relief, including compensation for the value of any lost paid baby bonding parental leave suffered by Plaintiff and the Class Members, as well as any nonpecuniary damages;

g. Awarding such reasonable attorneys' fees and costs to the extent allowable by law; and

h. Awarding such other and further relief as this Court deems appropriate.

## JURY DEMAND

Plaintiff demands a jury on all matters alleged herein.

Dated: March 28, 2023

Respectfully submitted,

/s/ Matthew J. Clark
Matthew J. Clark (P76690)
Gregory, Moore, Brooks & Clark, P.C.
28 W. Adams Ave., Suite 300
Detroit, MI 48226
(313) 964-5600
matt@unionlaw.net

Craig J. Ackermann
Brian W. Denlinger*
Ackermann & Tilajef, P.C.
315 S. Beverly Drive, Ste. 504
Los Angeles, CA 90212
(310) 277-0614
cja@ackermanntilajef.com
bd@ackermanntilajef.com

*Attorneys for Plaintiff*
**admission forthcoming*