UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

NICHOLAS JOHNSON,

Plaintiff,

v.                                                    Case No. 2:23-cv-10719-BAF-CI

GERDAU MACSTEEL, INC.,          HON. Bernard J. Friedman

Defendant.

_____

**ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTIONS FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, AND APPROVAL OF ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION EXPENSES, AND ENHANCEMENT AWARD**
_____

The matter came before the Court on Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement and Plaintiff's Unopposed Motion for Approval of Attorneys' Fees, Reimbursement of Litigation Expenses, and Enhancement Award ("Final Approval Motions"). Defendant does not oppose the Motions.

1.   Based upon the Court's review of Plaintiff's Brief in Support of Unopposed Motion for Final Approval of Class Action Settlement and all other papers submitted in connection with Plaintiff's Final Approval Motions, the Court grants final approval of the Settlement memorialized in the Settlement Agreement ("Settlement"), and "so orders" all of its terms, which are incorporated herein. Capitalized terms used in this Order shall have the same meaning as set forth in the

1

Settlement, unless otherwise defined herein.

2. For settlement purposes only, the Court certifies the Settlement Class defined pursuant to Fed. R. Civ. P. 23(e) as follows:

All males who had a baby through natural birth (i.e., not adoption or placement through foster care) at any time during the Class Period (from August 30, 2019 through December 31, 2022) while they were employed by Gerdau Macsteel, Inc. in a non-union position, who received notice of this Settlement, and who did not opt-out of this Settlement (collectively, the "Settlement Class Members").

3. The Settlement Class, which includes 467 Settlement Class Members since there were three opt-outs, meets all of the requirements for class certification under Rule 23(a) and Rule 23(b)(2) and/or 23(b)(3) for purposes of settlement only.

4. The Class Period for the Settlement Class Members is from August 30, 2019 through December 31, 2022.

5. There are 23 Participating Class Members. Each of the 23 Participating Class Members shall receive a $6,000 Individual Settlement Payment, plus the employer-side payroll taxes associated with the W-2 portion of each Individual Settlement Payment, for a Net Settlement Amount of $138,000, exclusive of employer-side payroll taxes.

6. Craig Ackermann and Brian Denlinger of Ackermann & Tilajef, P.C. and Matthew Clark of Gregory, Moore, Brooks & Clark, P.C., which the Court previously appointed as Class Counsel in its Preliminary Approval Order, satisfy the adequacy requirements of Rule 23(g).

7. The Court finds that there were no objections to the Settlement.

8. The Court finds that three Potential Class Members (Eric Douglas Fink, Derek DiMartino, and Andrew P. Bayer) opted-out of the Settlement. Pursuant to the Settlement, those three individuals who opted-out of the Settlement will not be entitled to receive an Individual Settlement Payment and will not be bound by the Settlement or have any right to object, appeal, or comment thereon.

9. The Court approves the Settlement and all terms set forth in the Settlement, and finds that the Settlement is, in all respects, fair, adequate, reasonable, and is binding on all members of the Settlement Class who have not timely and properly opted out of the Settlement.

10. Class Counsel, who prosecuted this case, are experienced civil rights and employment attorneys with good reputations among the employment law bar. The Court grants Plaintiff's Motion for Attorneys' Fees and awards Class Counsel $46,000 in attorneys' fees, which is approximately 22% of the common fund Gross Settlement Amount, plus $5,000 in litigation costs and expenses reasonably expended litigating and resolving the lawsuit. The fee award is justified by the work that Class Counsel did negotiating the settlement and considering the litigation, the ultimate recovery, and the risk that Class Counsel undertook in bringing the claims. These amounts shall be paid by Defendant on top of and in addition to the Individual Settlement Payments.

11. The Court finds reasonable the enhancement award for Plaintiff Nicholas Johnson in the amount of $10,000 in recognition of the services he rendered on behalf of the Settlement Class Members. This amount shall be paid by Defendant

on top of and in addition to the Individual Settlement Payments.

12. The Court approves the Settlement Administrator's fees and costs of $10,000. This amount shall be paid by Defendant on top of and in addition to the Individual Settlement Payments.

13. If any Participating Class Members do not cash their checks within the 90-day Check Cashing Period, any funds associated with such uncashed checks from Participating Class Members shall be distributed by the Settlement Administrator pursuant to a *cy pres* to The Fatherhood Project.

14. If no individual or party appeals this Order, and in order to comply with the provisions of 28 U.S.C. § 1715(d), this Order will take effect on April 18, 2024 (i.e., the "Settlement Effective Date"), which will be the ninety-first day after Defendant satisfied its obligation to serve the appropriate settlement notice documents on the relevant federal and state attorneys general to comply with the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715(b).

15. If an individual or party appeals this Order, the Settlement Effective Date shall be the later of April 18, 2024 or the date after the day upon which the Settlement has been finally approved by the Court and any appeals of the Final Approval Order have been resolved with no further rights to appeal.

16. Within 3 days after the Settlement Effective Date, Defendant shall fund the Settlement.

17. The Settlement Administrator will disburse the Settlement checks to Participating Class Members, the named Plaintiff's Class Representative enhancement award, and Class Counsel's attorneys' fees and litigation expenses

within 10 days of the Settlement Effective Date.

18. The Litigation is hereby dismissed with prejudice, with each side to assume their respective costs and attorneys' fees (other than such costs and attorneys' fees approved by the Court as set forth herein), subject to the Court's ongoing jurisdiction over the settlement process, appeals of this Order, objections to the Settlement pursuant to CAFA, and any disputes that may arise over the administration of the settlement as set forth in Paragraph 19, below.

19. The Court shall exercise continuing jurisdiction over the administration of the Settlement and any disputes that may arise regarding the implementation or interpretation of the Settlement, but such continuing jurisdiction shall end one month after all payments are made from the Settlement fund.

20. Upon the Settlement Effective Date, the doctrines of res judicata and collateral estoppel will bind all Settlement Class Members who did not timely and properly opt out, as determined by the Court, with respect to all claims identified in the Complaint.

21. The Parties shall abide by all terms of the Settlement Agreement.

**IT IS SO ORDERED.**

Dated: February 29, 2024　　　　　s/Bernard A. Friedman
Detroit, Michigan　　　　　　　　BERNARD A. FRIEDMAN
　　　　　　　　　　　　　　　　SENIOR U.S. DISTRICT JUDGE